DESIGNACIÓN COMITÉ ESPECIAL SECRETARIADO DE LA CONFERENCIA JUDICIAL.

*Número:* EC-92-1          *Resuelto:* 4 de septiembre de 1992

## RESOLUCIÓN

La Ley Núm. 21 de 13 de julio de 1992 creó el Tribunal de Apelaciones con la función primordial —vía el derecho de apelación— de corregir los errores cometidos por los foros del Tribunal de Primera Instancia. Sus procedimientos internos se regirán por las reglas que este Tribunal adopte, incluso aquellas que establecen cuáles dictámenes del Tribunal de Apelaciones podrán ser publicados y citados por su valor persuasivo. Además deberá reglamentarse la rotación (reasignación) periódica de los miembros de sus distintos paneles de jueces. Art. 4(f) de la Ley Núm. 21, *supra*, 4 L.P.R.A. sec. 61a.

Bajo la Constitución del Estado Libre Asociado de Puerto Rico, el Tribunal Supremo, como foro de última instancia, es el *único* cuyos pronunciamientos y fallos pueden originar la doctrina de la aplicación del precedente judicial (*stare decisis*). Art. V, Sec. 6, Const. E.L.A., L.P.R.A., Tomo 1.

Este atributo constitucional está interrelacionado con el sistema judicial unificado (Art. V, Sec. 2, Const. E.L.A., *supra*), y es consustancial con la facultad de este Tribunal de adoptar las reglas procesales, evidenciarias y de administración a seguirse en los tribunales del país. Art. V, Secs. 6

y 7, Const. E.L.A., *supra*. La estructura y los principios constitucionales vigentes, el carácter de foro intermedio y su funcionamiento en paneles periódicamente en rotación, excluyen la aplicación del precedente (*stare decisis*) a los dictámenes del Tribunal de Apelaciones. Este Tribunal entiende que, conforme a nuestro ordenamiento, corresponde al Juez Presidente dirigir la administración de los tribunales y, como tal, ejercer la administración del Tribunal de Apelaciones.

## II

A los fines de someter a este Tribunal las recomendaciones en relación con las reglas internas de funcionamiento que regirán los procedimientos del Tribunal de Apelaciones y, además, en relación con un sistema de rotación (reasignación) periódica de sus miembros —compatibles y a tono con la estructura y principios constitucionales judiciales vigentes, según expuestos— se crea un Comité Especial adscrito al Secretariado de la Conferencia Judicial, a ser integrado por las personas siguientes:

Lcdo. José Trías Monge—Presidente
Prof. Raúl Serrano Geyls
Lcdo. Salvador Antonetti
Hon. Ramón Negrón Soto
Lcdo. José Alberto Morales
Hon. Anabelle Rodríguez
Lcdo. César Miranda Rodríguez
Hon. Ygrí Rivera de Martínez
Lcdo. Ernesto L. Chiesa

El Comité Especial deberá cumplir su encomienda y rendir su informe, no más tarde de 30 de septiembre de 1992.

Lo acordó el Tribunal y certifica la señora Subsecretaria General. El Juez Asociado Señor Negrón García expresó que su conformidad responde a que la resolución de hoy

parte de la premisa que ninguna legislación puede exigir al Juez Presidente ni al Tribunal Supremo, vía la encomienda de aprobar unas reglas internas para el Tribunal de Apelaciones, actuaciones al margen de la Constitución; menos, socavar la facultad exclusiva del Tribunal Supremo, como foro de última instancia, de establecer precedentes judiciales (*stare decisis*). Tampoco puede exigir que usurpemos las prerrogativas del Juez Presidente de asignar, reasignar y rotar los Jueces del Tribunal de Apelaciones y del Tribunal de Primera Instancia o, a la inversa, que se le otorguen legislativamente al Juez Presidente los atributos que pertenecen al Tribunal Supremo. Añade que para cualquier jurista, los principios constitucionales son mandatorios y, en caso de conflicto, prevalecen sobre los legislativos.

*(Fdo.)* Carmen E. Cruz Rivera
*Subsecretaria General*